IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| Dashawn Simmons, ) | C/A No. 1:20-3036-DCC-SVH |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| Anthony Howard Hall; Captain ) | |
| Reese; and Captain Livingstone, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

This matter comes before the court on the consent motion [ECF No. 17] of defendant Anthony Howard Hall ("Hall") to stay this case brought by Dashawn Simmons ("Plaintiff") pending the resolution of the criminal charges against Hall. All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(f) (D.S.C.). For the following reasons, Hall's motion to stay is denied without prejudice.

I.   Factual Background

Plaintiff filed this action against defendants Hall, Reese, and Livingstone (collectively "Defendants") in the Richland County Court of Common Pleas on June 2, 2020. Livingstone removed the action to this court on August 24, 2020. [ECF No. 1] At the time of removal, Hall had not been

served with the pleadings, but was served on September 17, 2020. [ECF No. 11].

According to the complaint, on July 18, 2017, while acting as an officer for the South Carolina Department of Corrections ("SCDC"), Hall unlocked the door to Plaintiff's cell and the cells of other inmates who Plaintiff previously reported had threatened him. [ECF No. 1-1 at 2–3]. An unspecified number of inmates left their cells and entered Plaintiff's cell, where they brutally attacked him, leaving him with 23 stab wounds and a broken jaw. *Id.*

According to Hall's motion, on September 18, 2017, Hall was arrested and charged with Misconduct in Office and Accessory Before the Fact of Attempted Murder. [ECF No. 17 at 2]. Hall's motion indicates the arrest warrants similarly allege he unlocked Plaintiff's cell door and allowed two other inmates to enter Plaintiff's cell and stab him multiple times. *Id.*

Plaintiff also has a state case against Hall, which has been stayed pending resolution of Hall's criminal charges. [ECF Nos. 17-1, 17-2].

II.   Discussion

   A.   Standard on a Motion to Stay

"[T]he Constitution does not mandate the stay of civil proceedings in the face of criminal proceedings," although this court has the inherent authority to stay certain cases. *Maryland v. Universal Elections, Inc.*, 729 F.3d 370, 379 (4th Cir. 2013) (quoting *Ashworth v. Albers Med., Inc.*, 229 F.R.D. 527, 530

(S.D. W. Va. 2005)). Accordingly, whether to stay this case is left to the court's discretion. *Id.* at 375.

While the Constitution does not mandate a stay of civil proceedings pending the outcome of criminal proceedings, a court may decide in its discretion to stay civil proceedings, postpone civil discovery, or impose protective orders and conditions when the interests of justice require. *Sec. & Exch. Comm'n v. Dresser Indus., Inc.*, 628 F.2d 1368, 1375 (D.C. Cir. 1980); *Crawford & Sons, Ltd. v. Besser*, 298 F.Supp.2d 317, 319 (E.D.N.Y. 2004) (stating that the denial of a stay of civil proceedings based upon parallel and related criminal action "may undermine the defendants' Fifth Amendment privilege against self-incrimination; expose the basis of the defendants' criminal defense in advance of trial; or otherwise prejudice the criminal or civil case").

B.  Analysis

Hall's motion indicates it was filed with all parties' consent, and therefore it appears all parties are in agreement that this case should not be litigated while Hall's criminal charges are pending. While the parties may make any agreements between each other that they wish, to the extent they seek the court's approval for their agreements, the circumstances must justify

court action,[1] and the court is disinclined to allow cases to linger on its docket as placeholders if not absolutely necessary.

Hall argues this case should be stayed to protect his rights while the criminal charges are pending against him. However, the motion contains little detail regarding the status of Hall's criminal case. Hall's motion indicates he was arrested in September 2017, indicating that his criminal charges have been pending for over three years. It is unclear whether a plea or trial has been scheduled and the motion provides no estimate of how long the proposed stay might last in this case. Details as to why the criminal case has been continued repeatedly may be relevant to whether an unlimited stay in this case is justified.

In contrast, this case was removed to this court in August 2020, and Hall's motion for a stay was filed on the same day Hall served his responsive pleading. While the court appreciates Hall's candor to the court in advising of his criminal case and the potential complications it may pose, the court is not persuaded than an indefinite stay is warranted at this time. Although Hall argues "[c]ivil discovery might force [him] to disclose matters that otherwise

---

[1] The court recognizes the timing of the filing of this case was likely to avoid any statute of limitations issues. However, to the extent that all parties agree this is not the most convenient time to litigate this case, they are welcome to come to a private agreement regarding whether the limitations period may be asserted as an affirmative defense.

would not be available to the solicitor through the rules of criminal procedure" [ECF No. 17 at 5], the undersigned disagrees. Much of the discovery in the instant case will not implicate Halls' Fifth Amendment rights, such as requests for production to or from any party. In addition, Hall may always assert his Fifth Amendment rights, as applicable, to any discovery requests in which those rights are implicated. *See Baxter v. Palmigiano*, 425 U.S. 308, 316 ("[T]he Fifth Amendment not only protects the individual against being involuntarily called as a witness against himself in a criminal prosecution but also privileges him not to answer official questions put to him in any other proceeding, civil or criminal, formal or informal, where the answers might incriminate him in future criminal proceedings.") (quoting *Lefkowitz v. Turkey*, 410 U.S. 70, 77 (1972)). Finally, rather than precluding all discovery at this time, Hall's motion cites no reason the parties should not begin conducting discovery on issues that are unaffected by Hall's criminal case, such as obtaining Plaintiff's medical records and deposing neutral medical witnesses. Therefore, the undersigned declines to issue a stay at this time.

III.  Conclusion

The undersigned denies without prejudice Hall's motion to stay. [ECF No. 17]. Any motion for a stay in the future should include details regarding the procedural history of Hall's criminal case, as the court is loathe to grant an indefinite stay based on state proceedings absent any information about how

long the case is expected to linger on this court's docket. In the alternative, the parties are welcome to come to private agreements regarding the timing of the litigation of this case and may request a dismissal of this case without prejudice.

IT IS SO ORDERED.

November 23, 2020  Shiva V. Hodges
Columbia, South Carolina  United States Magistrate Judge