IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Dashawn Simmons,<br><br>Plaintiff,<br><br>vs.<br><br>Anthony Howard Hall; Captain Reese; and Captain Livingstone,<br><br>Defendants. | C/A No.: 1:20-3036-DCC-SVH<br><br><br><br>ORDER ON<br>SUGGESTION OF DEATH<br>OF PLAINTIFF |

This case comes before the court on the Suggestion of Death[1] of plaintiff Dashawn Simmons ("Plaintiff"), as indicated by Plaintiff's counsel. [ECF No. 19]. This case has been referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) and (B) and Local Civ. Rule 73.02(B)(2)(f) (D.S.C.).

Pursuant to Fed. R. Civ. P. 25(a)(1), "if a party dies and the claim is not extinguished, the court may order substitution of the proper party." The rule states that "a motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed." *Id.* "In order to commence the running of the ninety-day period, the suggesting party must personally serve the

---

[1] Because Plaintiff's motion to stay [ECF No. 19] advises of Plaintiff's death, the court interprets the filing as a Suggestion of Death pursuant to Fed. R. Civ. P. 25.

suggestion of death on the decedent's personal representative, if appointed, or on the successors or representatives of the decedent." *Brooks v. Arthur*, No. 6:08-cv-28, 2011 WL 1212254, *1 (W.D.Va. Mar. 30, 2011) (citing *Fariss v. Lynchburg Foundry*, 769 F.2d 958, 961–62 (4th Cir. 1985) ("Personal service of the suggestion of death alerts the nonparty to the consequences of death for a pending suit, signaling the need for action to preserve the claim if so desired.")). In *Fariss*, the Fourth Circuit found that service of the suggestion of death on the decedent's attorney alone was insufficient. *Fariss*, 769 F.2d at 962.

Plaintiff's counsel has advised the court that a family member of Plaintiff's informed him of the death. [ECF No. 19 at 2]. There is no indication on the record that the Suggestion of Death has been served on any other successors or other representatives of Plaintiff pursuant to Fed. R. Civ. P. 4.[2] Therefore, Plaintiff's counsel is instructed to serve a copy of its Suggestion of Death [ECF No. 19] and this order, pursuant to Fed. R. Civ. P.

---

[2] The successors or representatives of the decedent are "those empowered to assert any legal claims of the decedent not extinguished by death, or to defend the estate against others' claims." *Fariss* at 962; *see also Atkins v. City of Chicago,* 547 F.3d 869, 873 (7th Cir. 2008) ("[A]n obviously interested non-party . . . must be served for the 90-day clock to start running."); *Torres v. Bayer Corp. (In re Baycol Prods. Litig.),* 616 F.3d 778, 784–85 (8th Cir. 2010) ("[U]nder certain circumstances, a person may be a 'successor' under Rule 25(a)(1) if he is (1) the primary beneficiary of an already distributed estate; (2) named in a will as the executor of the decedent's estate, even if the will is not probated; or (3) the primary beneficiary of an unprobated intestate

4, on any known nonparty successor or representative of Plaintiff and to file proof of said service by **December 24, 2020**. If no party files a motion for substitution within 90 days from the service of the personal representative, Plaintiff's action will be dismissed.

The court notes that before Fed. R. Civ. P. 25(a) can be employed to substitute a new party for a deceased party, the substantive law controlling the suit must allow for survival of the cause of action. Where the cause of action does not survive the death of a party, there can be no substitution for that party under the rule. *See, e.e., Asklar v. Honeywell, Inc.*, 95 F.R.D. 419, 422 (D. Conn. 1982) (holding substantive law, not Rule 25(a), determines whether case may proceed after death of party).

The court suspends the deadlines in the scheduling order pending service of the suggestion of death and expiration of 90 days thereafter.

IT IS SO ORDERED.

*[signature: Shiva V. Hodges]*

December 11, 2020  
Columbia, South Carolina

Shiva V. Hodges  
United States Magistrate Judge

---

estate which need not be probated.").