IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | | |
|---|---|---|
| Randle Jackson, individually and as the Personal Representative for the Estate of Dashawn Simmons, | ) ) ) ) | Case No. 1:20-cv-03036-DCC |
| Plaintiff, | ) ) ) | |
| v. | ) ) | **ORDER** |
| Anthony Howard Hall, Captain Reese, and Captain Livingstone, | ) ) ) | |
| Defendants. | ) ) ) | |

This matter is before the Court upon Motions for Summary Judgment filed by Defendant Livingstone, Defendant Reese, and Defendant Hall.[1] ECF Nos. 28, 29, 30. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), (D.S.C.), this matter was referred to United States Magistrate Judge Shiva V. Hodges for pre-trial proceedings and a Report and Recommendation ("Report"). On August 2, 2021, the Magistrate Judge recommended that Defendants' Motions for Summary Judgment be granted and that Plaintiff's claims be dismissed without prejudice. ECF No. 54. The Magistrate Judge advised the parties of the procedures and requirements for filing objections to the Report

---

[1] Also pending before the Court are Defendant Livingstone's Motion for Protective Order, Defendant Hall's Motion for Protective Order, Defendant Reece's Motion for Protective Order, Plaintiff's Motion for Discovery, Plaintiff's Motion to Amend the Scheduling Order, Defendant Reese's Motion for Joinder, and Plaintiff's Motion for Summary Judgment. ECF Nos. 31, 34, 35, 39, 43, 50, 55.

and the serious consequences if they failed to do so. Plaintiff filed objections, and Defendants filed Replies. ECF Nos. 56, 60, 61, 62.

## STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

## DISCUSSION

Plaintiff brings the present action pursuant to 42 U.S.C. § 1983. The Magistrate Judge provides a thorough recitation of the relevant facts and the applicable law which the Court incorporates by reference. Briefly, this action was initially filed in the Richland County Court of Common Pleas by Dashawn[2] Simmons ("Decedent") alleging

---

[2] The Court notes that Decedent's name is spelled either Dashawn or Dashaun throughout the various filings in this action. *See, e.g.,* ECF No. 22 at 1 (filing by Plaintiff's

2

constitutional violations related to received threats and an attack by his fellow inmates in the South Carolina Department of Corrections ("SCDC") on July 18, 2017, that resulted in Decedent's hospitalization for 23 stab wounds and a broken jaw. ECF No. 1-1. The case was removed on August 24, 2020.[3] ECF No. 1. On November 17, 2020, Decedent's counsel received information that Decedent had been attacked while in the custody of SCDC and had died as a result of his injuries. ECF No. 19 at 2. On February 10, 2021, Randle Jackson ("Plaintiff") was appointed as the personal representative of Decedent's estate and was substituted as the Plaintiff in this action on March 2, 2021. ECF Nos. 22-1, 26.

The Magistrate Judge recommends granting summary judgment in this action because Decedent failed to exhaust his administrative remedies with respect to his federal causes of action prior to filing this case. She further recommends that this Court decline to exercise supplemental jurisdiction over any remaining state law claims. The Court has conducted a de novo review of the record, the Report, and the applicable law.

**Failure to Exhaust**

The Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321

---

attorney using Dashawn in the caption); 22-1 (certificate of appointment of personal representative using Dashaun in the caption). Because the Complaint uses the Dashawn spelling, this Court will do likewise.

[3] As noted below, Plaintiff has additional cases proceeding in the Richland and Greenville County Courts of Common Pleas. *See Simmons v. SCDC*, C/A No. 2018-CP-40-04850 (a copy of this complaint can also be found at ECF Nos. 36-1, 36-2); *Simmons v. SCDC,* 2020-CP-23-00011.

(codified as amended at 42 U.S.C. § 1997e(a) (1996)), mandates, among other things, that prisoners exhaust their administrative remedies prior to filing civil actions concerning prison conditions under Section 1983 or any other federal law.  See *Jones v. Bock*, 549 U.S. 199, 211 (2007) ("There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court").  "[T]he PLRA's exhaustion requirement is mandatory," *Anderson v. XYZ Corr. Health Servs., Inc.*, 407 F.3d 674, 677 (4th Cir. 2005), and "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."  *Porter v. Nussle,* 534 U.S. 516, 532 (2002).

The PLRA requires "proper exhaustion" of available administrative remedies prior to filing suit.  *Woodford v. Ngo*, 548 U.S. 81, 93-94 (2006).  As the Supreme Court noted, "[a]ggrieved parties may prefer not to exhaust administrative remedies for a variety of reasons," whether it be concerns about efficiency or "bad faith."  *Id.* at 89–90.  This is especially true in a prison context.  *Id*. at 90 n.1.  Nevertheless, "[p]roper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings."  *Id.* at 90–91.

"[A]n administrative remedy is not considered to have been available if a prisoner, through no fault of his own, was prevented from availing himself of it." *Moore v. Bennette*, 517 F.3d 717, 725 (4th Cir. 2008).  Thus, an administrative remedy is considered unavailable when: (1) "it operates as a simple dead end—with officers unable or consistently unwilling to provide any relief to aggrieved inmates"; (2) it is "so opaque that

4

it becomes, practically speaking, incapable of use"; or (3) "prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." *Ross v. Blake*, 136 S. Ct. 1850, 1859–60 (2016).

Here, it is undisputed that Decedent failed to exhaust his administrative remedies. As noted by the Magistrate Judge, Defendants bear the burden of establishing that Plaintiff failed to exhaust his administrative remedies. ECF No. 54 at 9 (citing *Anderson,* 407 F.3f at 683). Defendants have produced the affidavit of Sherman Anderson, Chief of SCDC's Inmate Grievance Branch, who avers that Decedent did not file grievances in June, July, or August 2017. ECF No. 28-3 at 4; *see also* ECF No. 28-4. Accordingly, Defendants have met their burden. In his objections, Plaintiff raises various arguments asserting that either he or Decedent were not required to exhaust administrative remedies.

Plaintiff begins his objections by stating 42 U.S.C. § 1997[4] is unconstitutional. ECF No. 56 at 1. He has provided no support for his conclusion that the PLRA has generally been found to be unconstitutional or that it is unconstitutional as applied in this action and the Court is aware of none. Accordingly, this objection is overruled.

He next argues that the PLRA does not apply to Plaintiff because he was not a prisoner at the time of filing. ECF No. 56 at 1. This argument is based upon the fact that Jackson was substituted as Plaintiff after Decedent's passing. As explained by the Magistrate Judge, the Fourth Circuit has held that the status of a plaintiff at the time of

---

[4] It appears Plaintiff intended to refer to the PLRA found at 42 U.S.C. § 1997e. 42 U.S.C. § 1997 is a list of definitions.

5

filing controls whether he is required to exhaust administrative remedies in compliance with § 1997e(a). *Cofield v. Bowser*, 247 F. App'x 413, 414 (4th Cir. 2007). It is undisputed that Decedent was a prisoner at the time he filed the Complaint, and Plaintiff has failed to provide any support for his assertion that his substitution alters this requirement. To the extent Plaintiff argues that his substitution operated as an amended complaint, he has likewise failed to provide any controlling authority to support his position. Moreover, other courts in this district that have considered whether an amended complaint excuses a plaintiff's obligations under the PLRA have concluded that it does not. *See Drayton v. Cohen*, C/A No. 2:10-cv-03171-TMC, 2012 WL 666839, at *2 n.3 (D.S.C. Feb. 29, 2012), *aff'd*, 474 F. App'x 991 (4th Cir. 2012) ("Plaintiff's filing an amended complaint does not change the date by which he had to exhaust his administrative remedies.") Accordingly, this objection is overruled.

In his second objection, Plaintiff states that "[d]ismissal deprives the plaintiff and the decedent of their constitutional rights guaranteed by the Equal Protection Clause of the Unite[d] States Constitution." ECF No. 56 at 2. Plaintiff does not provide any additional context. The Court notes that dismissals of civil actions by adult prisoners for failure to exhaust administrative remedies have been affirmed many times. *See, e.g.*, *Moss v. Harwood*, 2021 WL 5702989 (4th Cir. Dec. 2, 2021); *Kimbrough v. Entzel*, 771 F. App'x 275 (4th Cir. June 19, 2021). In light of the fact that Plaintiff has provided no additional argument as to why his equal protection rights would be violated beyond the dismissal of his case, Plaintiff's objection is overruled.

6

Plaintiff's third objection essentially argues the merits of his claims. ECF No. 56 at 2–3. As this action is subject to dismissal for failure to exhaust administrative remedies, the undersigned does not reach the merits of Plaintiff's arguments. Thus, this objection is overruled.

Plaintiff's fourth objection asserts that Decedent's constitutional rights were violated, that Defendants are not entitled to qualified immunity, and that Defendants admitted certain facts by failing to respond to the requests for admission, and that Plaintiff is entitled to summary judgment. ECF No. 56 at 3–4. Again, these arguments, regardless of how well-reasoned, do not address whether administrative remedies were exhausted. Instead, Plaintiff focuses on other aspects of this case not presently at issue. Accordingly, this objection is overruled.

In his fifth objection, Plaintiff states that "there is no genuine issue of material fact as to liability because the plaintiff's requests for admission were deemed admitted." ECF No. 56 at 4. Again, this objection speaks to the merits of this action rather than whether administrative remedies were exhausted. This objection is overruled.

In his sixth objection, Plaintiff asserts that judicial economy will not be served by dismissal. He states that "[e]ven if this case is dismissed without prejudice, the plaintiff will have to incur the expense associated with appeal and then incur the expense associated with filing another action in State Court and service fees. Because the claims will ultimately be litigated anyway, dismissal does not serve judicial economy." ECF No. 56 at 4. While the Court appreciates counsel's efforts to preserve judicial resources, dismissal is appropriate. See Jones, 549 U.S. at 211 ("There is no question that

7

exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court"). Accordingly, the objection is overruled.

Plaintiff's seventh objection predicts that Defendants will seek to prejudice Plaintiff or Decedent in the future by asserting a statute of limitations defense after dismissal. ECF No. 56 at 4. Plaintiff has not provided any authority holding this is a valid consideration in cases facing dismissal for failure to exhaust administrative remedies. Moreover, it is speculative in nature, at best. Thus, the objection is overruled.

In his eighth objection, Plaintiff argues that "[D]efendants should not be rewarded for refusing to follow basic discovery rules." ECF No. 56 at 4. The Court is of the opinion that this argument miscasts dismissal for failure to exhaust administrative remedies as a "reward" to Defendants for poor behavior. It is not. As explained in more detail below and by the Magistrate Judge, Plaintiff has not identified any information relevant to the issue at hand that he anticipates uncovering through the course of discovery. Accordingly, this objection is overruled.

In his ninth objection, Plaintiff asserts that Defendants' Summary Judgment Motions were premature as the parties have not engaged in adequate discovery. ECF No. 56 at 4–5. Plaintiff requests that

> the parties be given the opportunity to complete the following discovery: full and complete responses to the plaintiff's written discovery requests, which were served on May 13, 2021; full and complete responses to the subpoena that the plaintiff served on SCDC on May 14, 2021; depositions of the individual defendants; depositions of any other current or former SCDC employees with knowledge of the events giving rise to this action; the deposition of Sherman Anderson in order to confirm information contained in the documents

> produced in support of Defendant's Motion for Summary Judgment (*see* Exhibit A, D's Mot. Sum. Judg.); depositions of any current or former SCDC inmates with knowledge of the events giving rise to this action; depositions of treating medical physicians; identification and depositions of expert witnesses, including but not limited to medical experts; and such other discovery as is necessary.

*Id.* at 5.

As noted by the Magistrate Judge, Plaintiff has not identified any relevant, outstanding discovery with respect to whether Decedent exhausted his administrative remedies. ECF No. 54 at 12. To the extent Plaintiff intends to argue that Decedent was in fear of retaliation based on the use of the grievance system, there is no indication—in the record or in the pleadings—that any outstanding discovery sought by Plaintiff will show such fear. *See,* ECF Nos. 39, 31-1, 31-2, 31-3, 34-1, 34-2, 35-1, 35-2.

In Plaintiff's objections and Motion for Discovery, he states that he should be able to take the deposition of Mr. Anderson, Chief of SCDC's Inmate Grievance Branch. ECF Nos. 39 at 3; 56 at 5. This is the only outstanding discovery request discussed by Plaintiff that specifically relates to exhaustion of administrative remedies. Plaintiff states that the deposition would serve "to confirm information contained in the documents produced in support of Defendant's Motion for Summary Judgment" but does not allege any belief that the documents, including Mr. Anderson's affidavit, are inaccurate. *See* ECF No. 56 at 5. Indeed, these types of records are routinely relied upon without an additional deposition to confirm them. *See, e.g, Parker v. Jennings*, C/A No. 5:19-cv-00938-TLW, 2021 WL 5768617 (D.S.C. Dec. 6, 2021); *see also, Synovus Bank v. Stevens L. Firm,* C/A No. 4:19-cv-01411-SAL, 2020 WL 6384653, at *3 (D.S.C. Oct. 30, 2020) ("To satisfy Rule

56(d)'s mandates and obtain additional discovery, the nonmoving party 'must specifically allege why the information sought would [be] sufficient to create a genuine issue of material fact such that it would [ ] defeat[ ] summary judgment.'" (alterations in original) (quoting *Strag v. Bd. of Trustees, Craven Cmty. College*, 55 F.3d 943, 954 (4th Cir. 1995))). Accordingly, this objection is overruled.

Plaintiff further argues that because Decedent was faced with a life-threatening situation, he was not required to exhaust his administrative remedies. ECF No. 56 at 5–6. He cites to *Patsy v. Board of Regents of the State of Florida*, 457 U.S. 496 (1982), in support of his argument.

With respect to Plaintiff's discussion of *Patsy*, the Court agrees with the Magistrate Judge that his reliance is misplaced. Regarding any argument that exhaustion of administrative remedies is not required generally, the *Patsy* court held that "[t]he exhaustion requirement [under 42 U.S.C. § 1997e] is expressly limited to § 1983 actions brought by an adult convicted of a crime." 457 U.S. at 510. As Decedent was an adult inmate at the relevant time, any objection on this basis is overruled.

Turning to Plaintiff's argument that exhaustion was not required because Decedent was faced with a life-threatening situation, the Court has thoroughly reviewed the Complaint in this action, the verified complaint in the state court action referenced in the Complaint, and the record in this case. ECF Nos. 1-1; 36-1; 36-2. Decedent expressed fear about being moved back to Broad River Correctional Institution in 2019; however, that time period is not the basis of the present action, which concerns Defendants alleged constitutional violations pertaining to an attack on Decedent in 2017. *See* ECF Nos. 1-1,

36-3, 36-4, 36-5, 36-6.  The basis of the Complaint is Defendants' actions related to a past harm.  As such, Plaintiff has provided no explanation for Decedent's failure to exhaust administrative remedies following the 2017 attack.  Accordingly, this objection is overruled.

***State Law Claims***

The Magistrate Judge recommends declining to exercise supplemental jurisdiction over any remaining state law claims.  ECF No. 54 at 17 n.11 (citing ECF No. 37 at 14–15).  Plaintiff has not addressed this recommendation; however, the Court has, nevertheless, reviewed it de novo.  In making its determination, the Court has considered "convenience and fairness to the parties, the existence of underlying issues of federal policies, comity, and considerations of judicial economy." *See Shanaghan v. Cahill*, 58 F.3d 106, 110 (4th Cir. 1995). The Court finds that there are no remaining underlying issues of federal policy and judicial economy will not be served by keeping this action in federal court.  Accordingly, the Court adopts the recommendation of the Magistrate Judge and declines to exercise supplemental jurisdiction over any state law claims pursuant to 28 U.S.C. § 1367(c)(3)–(4).  *See also Archie v. Nagle & Zaller, P.C.*, 790 F. App'x 502, 506 (4th Cir. 2019) ("[C]ourts have consistently held that a district court has wide latitude in determining whether to retain, remand, or dismiss state law claims pursuant to § 1367(c).").

## **CONCLUSION**

Based on the foregoing, the Court adopts the recommendation of the Magistrate Judge.  Defendants Livingstone's, Reese's, and Hall's Motions for Summary Judgment

[28, 29, 30] are **GRANTED** and Plaintiff's constitutional claims are dismissed without prejudice.[5]  Defendants' Motions for Protective Order [31, 34, 35], Plaintiff's Motion for Discovery [39], Plaintiff's Motion to Amend the Scheduling Order [43], Defendant Reece's Motion for Joinder [50], and Plaintiff's Motion for Summary Judgment [55] are **FOUND as MOOT**.  Any remaining state law claims are **DISMISSED** without prejudice.

    IT IS SO ORDERED.

                                                        s/ Donald C. Coggins, Jr.
                                                        United States District Judge

January 10, 2022
Spartanburg, South Carolina

---

[5] As the dismissal is based on failure to exhaust, it should be without prejudice. *See Armstrong v. Scribner*, 350 F. App'x 186, 2009 WL 3497769 at * 1 (9th Cir. Oct. 30, 2009); *cf. Greene v. Meese*, 875 F.2d 639, 643 (7th Cir. 1989);