IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | |
|---|---|
| Randle Jackson, individually and as the Personal Representative for the Estate of Dashawn Simmons, | ) ) ) ) |
| | Case No. 1:20-cv-03036-DCC |
| Plaintiff, | ) ) |
| v. | ) **ORDER** |
| | ) |
| Anthony Howard Hall, Captain Reese, and Captain Livingstone,[1] | ) ) ) |
| Defendants. | ) ) |

This matter is before the Court upon Plaintiff's Motions to Set Aside Judgment and for Leave to File a Supplemental Memorandum. ECF Nos. 67, 78. Defendants filed Responses in Opposition to both Motions, and Plaintiff filed a Reply to the Motion for Leave to File a Supplemental Memorandum. ECF Nos. 68, 69, 71, 79, 80, 81, 82. For the reasons set forth below, the Motions are denied.

The Court begins with a brief procedural history. Plaintiff brought the present action pursuant to 42 U.S.C. § 1983. This action was initially filed in the Richland County Court of Common Pleas by Dashawn[2] Simmons ("Decedent") alleging constitutional

---

[1] The Court notes that the docket sheet shows Defendant Captain Livingstone; however, it is spelled Livingston by her attorney. *See* ECF No. 71. Accordingly, the Court will refer to her as Defendant Livingston.

[2] The Court notes that Decedent's name is spelled either Dashawn or Dashaun throughout the various filings in this action. *See, e.g.,* ECF No. 22 at 1 (filing by Plaintiff's attorney using Dashawn in the caption); 22-1 (certificate of appointment of personal

violations related to received threats and an attack by his fellow inmates in the South Carolina Department of Corrections ("SCDC") on July 18, 2017, that resulted in Decedent's hospitalization for 23 stab wounds and a broken jaw. ECF No. 1-1. The case was removed on August 24, 2020. ECF No. 1. On November 17, 2020, Decedent's counsel received information that Decedent had been attacked while in the custody of SCDC and had died as a result of his injuries. ECF No. 19 at 2. On February 10, 2021, Randle Jackson ("Plaintiff") was appointed as the personal representative of Decedent's estate and was substituted as the Plaintiff in this action on March 2, 2021. ECF Nos. 22-1, 26.

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), this matter was referred to United States Magistrate Judge Shiva V. Hodges for pre-trial proceedings and a Report and Recommendation ("Report"). On August 2, 2021, the Magistrate Judge recommended that Defendants' Motions for Summary Judgment be granted and that Plaintiff's federal claims be dismissed without prejudice for failure to exhaust administrative remedies. ECF No. 54. She further recommended declining to exercise supplemental jurisdiction over Plaintiff's state law claims. By Order dated January 10, 2022, ("the prior Order") the undersigned overruled Plaintiff's objections, adopted to Report, and granted Defendants' Motions for Summary Judgment [28, 29,

---

representative using Dashaun in the caption). Because the Complaint uses the Dashawn spelling, this Court will do likewise.

30].[3]  ECF No. 65.  Plaintiff now requests reconsideration of the Court's Order in light of newly discovered evidence.

## APPLICABLE LAW

*Rule 60(b)*

Under Rule 60(b), a court may grant relief from an adverse final judgment if the party shows:

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgement is void;
>
> (5) the judgement has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Under this rule, "reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998).

---

[3] The Order also found as moot Defendants' Motions for Protective Order [31, 34, 35], Plaintiff's Motion for Discovery [39], Plaintiff's Motion to Amend the Scheduling Order [43], Defendant Reece's Motion for Joinder [50], and Plaintiff's Motion for Summary Judgment [55].

*Rule 60(b)(2)*

The standard governing relief based on newly discovered evidence under Rule 60(b)(2) requires that a party demonstrate: "(1) the evidence is newly discovered since the judgment was entered; (2) due diligence on the part of the movant to discover the new evidence has been exercised; (3) the evidence is not merely cumulative or impeaching; (4) the evidence is material; and (5) the evidence is such that is likely to produce a new outcome if the case were retried, or is such that would require the judgment to be amended." *Boryan v. United States*, 884 F.2d 767, 771 (4th Cir. 1989) (citing *Taylor v. Texgas Corp.*, 831 F.2d 255, 259 (11th Cir. 1987) (citations omitted)).

*Rule 60(b)(3)*

Federal Rule of Civil Procedure 60(b)(3) gives district courts the power to relieve a party from an adverse judgment because of "fraud (whether previously called intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party." Fed. R. Civ. P. 60(b)(3). In *Schultz v. Butcher*, the Fourth Circuit held that a moving party must establish three factors in order to state a successful Rule 60(b)(3) motion: "(1) the moving party must have a meritorious [claim]; (2) the moving party must prove misconduct by clear and convincing evidence; and (3) the misconduct prevented the moving party from fully presenting its case." 24 F.3d 626, 630 (4th Cir.1994) (citing *Square Constr. Co. v. Washington Metro. Area Transit Auth.*, 657 F.2d 68, 71 (4th Cir. 1981)).

Even where a moving party satisfies the *Schultz* three prong test, a district court must "balance the competing policies favoring the finality of judgments and justice being done in view of all the facts, to determine within its discretion, whether relief is appropriate

4

in each case." *Id*. Further, "Rule 60(b) does not authorize a motion merely for reconsideration of a legal issue." *U.S. v. Williams*, 674 F.2d 310, 312 (4th Cir. 1982) Where the motion is nothing more than a request that the district court change its mind, however, it is not authorized by Rule 60(b). *Id.* at 313. In considering a motion under Rule 60(b)(3), a district court retains the discretion to discern whether a moving party's allegations of unfair judgment are more properly classified as requests that the district court merely "change its mind." Essentially, Rule 60(b)(3) provides an avenue for revisiting judgments that were obtained unfairly, not judgments which the moving party merely believes were erroneous. *Schultz*, 24 F.3d at 630.

## ANALYSIS

***Motion to Set Aside Judgment***

<u>Rule 60(b)(2)</u>

Plaintiff contends that he has met the standard for reconsideration under Rule 60(b)(2) in that the evidence is newly discovered, it could not have been discovered earlier through due diligence, it directly addresses the substantive allegations of the case, it is material in that it impacts whether Decedent exhausted administrative remedies prior to initiating this action, and that it is likely to require an amendment to the grant of summary judgment. The Court begins with a brief discussion of the exhaustion requirement.

The Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (codified as amended at 42 U.S.C. § 1997e(a) (1996)), mandates, among other things, that prisoners exhaust their administrative remedies prior to filing civil actions concerning prison conditions under Section 1983 or any other federal law. *See Jones v. Bock*, 549

5

U.S. 199, 211 (2007) ("There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court."). "[T]he PLRA's exhaustion requirement is mandatory," *Anderson v. XYZ Corr. Health Servs., Inc.*, 407 F.3d 674, 677 (4th Cir. 2005), and "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle,* 534 U.S. 516, 532 (2002).

The PLRA requires "proper exhaustion" of available administrative remedies prior to filing suit. *Woodford v. Ngo*, 548 U.S. 81, 93-94 (2006). As the Supreme Court noted, "[a]ggrieved parties may prefer not to exhaust administrative remedies for a variety of reasons," whether it be concerns about efficiency or "bad faith." *Id.* at 89–90. This is especially true in a prison context. *Id*. at 90 n.1. Nevertheless, "[p]roper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Id.* at 90–91.

"[A]n administrative remedy is not considered to have been available if a prisoner, through no fault of his own, was prevented from availing himself of it." *Moore v. Bennette*, 517 F.3d 717, 725 (4th Cir. 2008). Thus, an administrative remedy is considered unavailable when: (1) "it operates as a simple dead end—with officers unable or consistently unwilling to provide any relief to aggrieved inmates"; (2) it is "so opaque that it becomes, practically speaking, incapable of use"; or (3) "prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." *Ross v. Blake*, 136 S. Ct. 1850, 1859–60 (2016).

Here, Plaintiff argues that either Decedent exhausted his administrative remedies by participating in the investigation into his attack or he was not required to exhaust because the grievance process was essentially unavailable. Plaintiff argues that the produced documents demonstrate that Decedent complained to SCDC officials that he feared for his safety and that SCDC staff had threatened him. He extrapolates that he can "likely establish that [SCDC staff] also threatened [D]ecedent in other ways, including using threats and intimidation to discourage him from using the grievance process. Based upon this newly discovered evidence, it is likely that the defendants in this case rendered the grievance process unavailable." ECF No. 67 at 12.

With respect to Plaintiff's argument that Decedent complied with the PLRA exhaustion requirement, he contends that the "internal investigation into an attack that ultimately results in an officer's termination and arrest is much more likely to address an inmate's concern than the filing of an administrative grievance" and posits that this participation is evidence of Decedent's attempt at resolution through the administrative process. Plaintiff argues that additional discovery will likely uncover further evidence that Decedent complied with the PLRA.

Plaintiff has provided no controlling or persuasive authority in support of his argument that Decedent should be deemed to have exhausted his administrative remedies because he participated in the internal investigation into his attack. Indeed, the Supreme Court has specifically warned lower courts that they "may not engraft an unwritten 'special circumstances' exception onto the PLRA's exhaustion requirement." *Ross*, 578 U.S. at 648 (holding that a prisoner's mistaken belief that an internal

7

investigation satisfied the exhaustion requirement did not alleviate the requirement unless the grievance process was unavailable).  Plaintiff has not alleged, and there is no evidence in the record that would lead the Court to conclude, that there are copies of grievances that have not been disclosed or discovered in this case.  Accordingly, Plaintiff's Motion is denied as to this argument.

Next, the Court turns to Plaintiff's argument that the grievance process was unavailable to Decedent.  Plaintiff's assertion is primarily based on two Restrictive Housing Unit Screening Forms in which Plaintiff reported feeling threatened by officers. ECF No. 67-6.  Significantly, these forms were completed before Plaintiff was transferred to Broad River Correctional Institution, where the attack took place, and there is no evidence in the record that Plaintiff ever indicated that he felt threatened connected to the use of the prison grievance system.  *See* ECF No. 68-4 at 4 (Decedent's bed history). These allegations are insufficient to call into question whether the grievance procedure was unavailable to Decedent.  *See Lucente v. Cty. of Suffolk*, 980 F.3d 284, 312–13 (2d Cir. 2020) (holding that the plaintiff "has alleged no more than a generalized fear of retaliation which is insufficient as a matter of law to support a finding that the grievance process was unavailable in order to overcome her failure to exhaust administrative remedies under the PLRA").  Accordingly, the Motion is denied as to this argument.[4]

---

[4] Because the Court has determined that the Motion should be denied as discussed above, the Court does not address Defendants' remaining arguments as to why Plaintiff's requested relief is improper under Rule 60(b)(2).

*Rule 60(b)(3)*

Plaintiff also brings this Motion pursuant to Rule 60(b)(3) and alleged misconduct by Defendant Livingston's counsel in this action. He asserts that counsel also represents SCDC in a related state action, that they failed to participate in discovery in this case, and that they manipulated the timing of their discovery responses in the state case to negatively impact this action. Plaintiff contends that, as a result of the misconduct, he was at an "extreme disadvantage" in responding to the Motion for Summary Judgment in this case.

With respect to whether Plaintiff has presented a meritorious claim, Plaintiff argues the underlying merits of this action. However, as discussed at length in this Order, the prior Order, and the Magistrate Judge's Report, Plaintiff has presented no evidence that Decedent exhausted his administrative remedies, which is a prerequisite to filing suit. Because Decedent failed to exhaust his administrative remedies, Plaintiff has also failed to establish that he was prevented from fully presenting his case. Accordingly, Plaintiff's Motion is denied as to this argument.[5]

**Motion for Leave to File a Supplemental Memorandum**

In this Motion, Plaintiff argues that he should be permitted to supplement his Motion to Set Aside Judgment because he was unable to depose Defendant Anthony Hall

---

[5] The Court's omission of a specific discussion of whether fraud was committed should not be taken as an implicit agreement with Plaintiff's argument. Magistrate Judge Hodges provided a thorough discussion of the relevant discovery deadlines in this matter in the Report, which the Court need not repeat here. Further, the Court does not believe it is necessary to delve into the discovery deadlines in the state case when Plaintiff's argument fails for the reasons discussed above.

until after he filed the initial Motion. ECF No. 78. He attaches a proposed supplemental memorandum ("the supplement"). ECF No. 78-1. In the supplement, Plaintiff argues that there is additional new evidence that supports his argument that the grievance procedure was unavailable to Decedent. He asserts that Defendant Hall gave testimony in a related case on May 1, 2023, that grievances were mishandled at Broad River Correctional Institution. He further argues that the movement log establishes that Decedent was hospitalized multiple times following his attack and placed in restrictive housing. He contends that these facts combined with the severity of his injuries and his medication following hospitalization would have made it impossible to comply with the grievance policy requiring the submission of a Form 10-5 within five days of the event. The Court denies Plaintiff's Motion for Leave to File a Supplemental Memorandum because the additional evidence is not material to the outcome of the Motion to Set Aside Judgment.[6]

With respect to Defendant Hall's deposition, the Court notes that Defendant Hall testified that he believed that, at times, grievances were improperly processed. ECF No. 78-1 at 4. He further testified that inmates did not specifically tell him about any improperly processed grievances but rather that his impression was based on "hearsay." ECF No. 79 at 5. This testimony is further limited to Defendant's Hall's experience in the Marion Unit and does not purport to offer any evidence as to how grievances were processed in the Restrictive Housing Unit where Plaintiff was housed following the attack.

---

[6] The Court does not address the timeliness argument raised by Defendants. ECF Nos. 80, 81; see also ECF No. 79 (Defendant Hall's Response in Opposition incorporating "any argument made by other Defendants in opposition to Plaintiff's motion, to the extent they are not inconsistent with the arguments made herein").

This testimony without more is insufficient to meet any of the exhaustion exceptions articulated in *Ross*. Accordingly, Plaintiff has made no showing that this evidence is material.

The Court now turns to Plaintiff's argument with respect to the movement log. Plaintiff acknowledges that the documents were produced on October 27, 2022; however, he seems to argue that the volume of the production was such that he could not review everything prior to filing the Motion to Set Aside Judgment.[7] ECF No. 78-1 at 4. The Court is of the opinion that this explanation is insufficient to excuse Plaintiff's omission of this argument from the Motion to Set Aside Judgment, but regardless, as noted by the Defendants, this information was publicly available well before it was produced by SCDC.[8] *See Thomas v. SC Dep't of Mental Health*, No. CV 3:20-1333-MGL, 2023 WL 3853432, at *3 (D.S.C. June 6, 2023) ("Put another way, because the August 6, 2021, evidence was apparently publically available well before the Court entered judgment in the case, Thomas is unable to show she is entitled to Rule 60(b) relief."). Defendant Hall

---

[7] In footnote 2 of the supplement, Plaintiff alleges "apparent gamesmanship and bad faith litigation by the Defendants" related to documents produced by SCDC in the state action. As previously acknowledged by Plaintiff, the only Defendant in this action with the same representation as SCDC is Defendant Livingston. To the extent Plaintiff alleges misconduct by any other Defendant in this action, he has produced no evidence in support of this theory. To the extent he alleges intentional misconduct by Defendant Livingston, as noted above, the Court need not restate the extensive procedural history in this action and the state action in order to decide the Motions at hand.

[8] The Court notes that the severity of Decedent's injuries have been documented in this case since the filing of the Complaint.

has provided a copy of Decedent's inmate search detail report accessed on August 7, 2020, showing the same information contained in the movement log.  ECF No. 79-1.  Thus, Plaintiff has not demonstrated that the evidence is new or that he was diligent in uncovering it.[9]

Plaintiff also fails to establish that this evidence is material.  Plaintiff states that there are no applicable exceptions to the five-day requirement; however, there is evidence in the record that exceptions are made on a case-by-case basis.  ECF No. 28-3 at 2 (Sherman Anderson's affidavit in which he states that "[e]xceptions may also be made for incident grievances, provided that an inmate can show reasonable cause, i.e., inmate physically unable to initiate grievance due to hospitalization").[10]  There is no evidence that Decedent ever filed a grievance related to this event; accordingly, Plaintiff's speculative argument that it would have been futile is insufficient at this procedural posture.[11]

---

[9] Indeed, Plaintiff has made no argument that this information was not publicly available prior to its disclosure by SCDC.

[10] The Court notes that the exceptions referred to by Anderson pertain to the eight-day time limit in which to file an informal Request to Staff Member, which Plaintiff asserts is inapplicable.  Instead, Plaintiff asserts that Decedent would have been required to first file a Step 1 grievance within five days of the incident.  Certainly there is no argument that the grievance policy is newly discovered information.  Moreover, Plaintiff's fleeting reference to the grievance policy dispensing with the need for an informal Request to Staff Member Form in certain circumstances without more fails to meet the standard set forth in Rule 60(b).

[11] Plaintiff also states that Decedent was moved to Perry Correctional Institution and seems to allege he would have been prohibited from filing a grievance for an event

Plaintiff tacks on an argument at the end of the supplement that the internal investigation made the "administrative grievance process constructively unavailable to [Decedent]." ECF No. 78-1 at 9. He contends that Decedent was unlikely to understand the interplay between the internal investigation and the grievance procedure. Given that this argument is not premised upon any document produced by any Defendant, the Court is disinclined to address this argument at all. However, the Court will note that Plaintiff seems to be alluding to the discussion in *Ross*, 578 U.S. at 644, wherein the Supreme Court determined that there was a question of whether the grievance process was available to Maryland inmates when there was an ongoing internal investigation. The Supreme Court noted that some grievances were dismissed during the pendency of an internal investigation while others were addressed on the merits without any explanation for the different outcomes. There is no such argument in this case. *See Ross,* 578 U.S. at 644 ("The procedures need not be sufficiently 'plain' as to preclude any reasonable mistake or debate with respect to their meaning.").

## CONCLUSION

Wherefore, based on the foregoing, Plaintiff's Motions to Set Aside Judgment [67] and for Leave to File a Supplemental Memorandum [78] are **DENIED**.

IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.
United States District Judge

August 23, 2023
Spartanburg, South Carolina

---

that took place at a different SCDC facility. Plaintiff has provided no support for this argument.